IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAILIP GAS MARKETING, LLC, § § Plaintiff, § § v. § CIVIL ACTION NO. <u>4:21-cv-2226</u> § CHEVRON NATURAL GAS, a division of § Chevron U.S.A. Inc., § § Defendant. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff CAILIP Gas Marketing, LLC (CAILIP) complains of Defendant Chevron Natural Gas, a division of Chevron U.S.A., Inc. (Chevron) and for cause of action shows as follows:

### I.   SUMMARY OF DISPUTE

1. This action arises out of Chevron's failure to deliver all of the natural gas volumes that it agreed to provide to CAILIP. Chevron agreed to deliver 90,000 MMBtu of natural gas per day to CAILIP for each day in February 2021. From February 14 to February 22, however, Chevron failed to deliver the required amounts. As a consequence, Chevron is required to pay CAILIP for the missed deliveries under a contractually agreed Spot Price Standard. CAILIP sent Chevron an invoice for the amounts owed under the Spot Price Standard, but Chevron still has not paid any of the invoiced amount. Instead, Chevron claims that its breach was excused by Force Majeure. But the reason Chevron offers to justify its missed deliveries—a loss of supply—does not fit within the narrow Force Majeure definition that the parties negotiated. Because there is no dispute that Chevron failed to make the required deliveries and because such

failure was not excused, CAILIP files this action to collect the amount owed under the Spot Price Standard, as wells as its attorney's fees, costs, and expenses incurred in bringing this action.

## II.   PARTIES

2.   Plaintiff CAILIP Gas Marketing, LLC is a Delaware limited liability company. Its sole member is SK E&S Americas, Inc.  SK E&S Americas, Inc. is a Delaware corporation with its principal place of business in Texas.  CAILIP is thus a citizen of Delaware and Texas.

3.   Defendant Chevron Natural Gas, a division of Chevron U.S.A., Inc. is a Pennsylvania corporation with is principal place of business in California.  Chevron is thus a citizen of Pennsylvania and California.  Chevron can be served through its registered agent for service of process in Texas, The Prentice-Hall Corporation System, Inc., at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## III.   JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is a suit between citizens of different states and the amount in controversy exceeds $75,000.00. Venue is proper in the Southern District of Texas because a substantial part of the events giving rise to the claims occurred in the Houston Division of the Southern District of Texas.

## IV.   FACTS

A.   <u>Chevron commits to delivering daily volumes of gas to CAILIP at the Katy Oasis delivery point.</u>

5.   On December 10, 2018, CAILIP and Chevron entered into a Base Contract for Sale and Purchase of Natural Gas (the Base Contract).  The Base Contract contains the basic provisions under which Chevron sells and delivers natural gas to CAILIP.  The Base Contract does not, however, contain the details for any specific sales transaction between the parties. Instead, those details are found in "Transaction Confirmations" executed separately by the

parties. The Base Contract and any Transaction Confirmations together represent the entire agreement between the parties as it relates to the sale and delivery of natural gas.

6.      CAILIP and Chevron entered into two Transaction Confirmations under the Base Contract. The parties executed the first Transaction Confirmation on December 10, 2018 (the December 2018 Transaction Confirmation). Under the December 2018 Transaction Confirmation, Chevron agreed to a firm delivery of 50,000 MMBtu of natural gas per day at the Katy Oasis delivery point located in Katy, Texas. The delivery period for the December 2018 Transaction Confirmation lasts through October 31, 2023.

7.      The parties executed the second Transaction Confirmation on October 14, 2019 (the October 2019 Transaction Confirmation). Under the October 2019 Transaction Confirmation, Chevron agreed to a firm delivery of 40,000 MMBtu of natural gas per day at the Katy Oasis delivery point located in Katy, Texas. The delivery period for the October 2019 Transaction Confirmation lasts through October 31, 2023.

8.      Thus, as of October 14, 2019, Chevron had committed to a firm daily delivery of 90,000 MMBtu per day to CAILIP through the December 2018 Transaction Confirmation and the October 2019 Transaction Confirmation. The Base Contract provides that a "firm" delivery obligation means that Chevron "may interrupt its performance without liability only to the extent that such performance is prevented for reasons of Force Majeure." In other words, if Chevron fails to make its agreed deliveries for any reason not covered by the contractual Force Majeure provision, Chevron is in breach of the parties' agreement.

B.      <u>Chevron fails to make all agreed deliveries in February 2021.</u>

9.      From February 14, 2021 through February 22, 2021, Chevron did not make the full deliveries required under the December 2018 Transaction Confirmation and the October 2019 Transaction Confirmation. The below chart shows the volumes called for under the

3

Transaction Confirmations, the volumes actually delivered, and the difference between the required deliveries and the actual deliveries for each day in February 2021:

| Day | Contract Volume 1 | Contract Volume 2 | Actual Volume 1 | Actual Volume 2 | Cuts 1 | Cuts 2 |
|---|---|---|---|---|---|---|
| 1 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 2 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 3 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 4 | 40,000 | 50,000 | 39,613 | 49,516 | 387 | 484 |
| 5 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 6 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 7 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 8 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 9 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 10 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 11 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 12 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 13 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 14 | 40,000 | 50,000 | 23,156 | 28,444 | 16,844 | 21,556 |
| 15 | 40,000 | 50,000 | 889 | 1,111 | 39,111 | 48,889 |
| 16 | 40,000 | 50,000 | - | - | 40,000 | 50,000 |
| 17 | 40,000 | 50,000 | 5,902 | 7,378 | 34,098 | 42,622 |
| 18 | 40,000 | 50,000 | 2,222 | 2,778 | 37,778 | 47,222 |
| 19 | 40,000 | 50,000 | 6,351 | 7,939 | 33,649 | 42,061 |
| 20 | 40,000 | 50,000 | 14,062 | 17,577 | 25,938 | 32,423 |
| 21 | 40,000 | 50,000 | 14,062 | 17,577 | 25,938 | 32,423 |
| 22 | 40,000 | 50,000 | 14,062 | 17,577 | 25,938 | 32,423 |
| 23 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 24 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 25 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 26 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 27 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| 28 | 40,000 | 50,000 | 40,000 | 50,000 | - | - |
| | 1,120,000 | 1,400,000 | 840,319 | 1,049,897 | 279,681 | 350,103 |

    C.    <u>The Base Contract provides a contractual formula to govern as the remedy for Chevron's missed deliveries.</u>

    10.    Section 3.2 of the Base Contract sets out how damages are to be calculated in the event Chevron fails to deliver all agreed volumes. The parties had two options under Section 3.2 to govern their performance obligations: (1) a Cover Standard, or (2) a Spot Price Standard. CAILIP and Chevron agreed that the Spot Price Standard would govern in the event of a party's

4

failure to perform. The parties further agreed that the "Gas Daily Midpoint" would serve as the Spot Price Publication.

11. The Spot Price Standard in Section 3.2 provides as follows:

> The sole and exclusive remedy of the parties in the event of a breach of a Firm obligation to deliver . . . Gas shall be recovery of the following: (i) in the event of a breach by Seller on any Day(s), payment by Seller to Buyer in an amount equal to the difference between the Contract Quantity and the actual quantity delivered by Seller and received by Buyer for such Day(s), multiplied by the positive difference, if any, obtained by subtracting the Contract Price from the Spot Price . . . . The amount of such unfavorable difference shall be payable five Business Days after presentation of the performing party's invoice, which shall set forth the basis upon which such amount was calculated.

12. Multiplying Chevron's missed volumes by the difference between the Contract Price and the Spot Price for the relevant days results in an amount owed by Chevron of $84,530,800.02. Consistent with the Section 3.2, CAILIP sent Chevron an invoice for the amount owed under the Spot Price Standard on April 27, 2021. Chevron has not paid any of the amount owed.

D.     <u>Chevron's performance is not excused by Force Majeure.</u>

13. Chevron does not dispute that it failed to make the agreed deliveries as indicated above. Instead, Chevron contends that its missed deliveries were excused under the applicable Force Majeure provisions. On February 15, 2021, Chevron sent CAILIP a letter in which Chevron "invoked the Force Majeure provision" of the Base Contract "with respect to firm natural gas deliveries supplied by production that were shut in or curtailed due to unprecedented low temperatures causing freezing or failure of wells, plants or lines of pipe that impacted deliveries off the Oasis Pipeline at Katy and system commencing as early as February 14, 2021." It is Chevron's burden to establish the applicability of the Force Majeure provisions. Chevron cannot meet this burden.

14. The Force Majeure provisions of the Base Contract are found in Section 11. After setting out the basic Force Majeure provisions, Section 11 closes by providing that "the parties may agree to alternative Force Majeure provisions in a Transaction Confirmation executed in writing by both parties." Here, CAILIP and Chevron agreed to two different amendments to Section 11's Force Majeure provisions in both the December 2018 and October 2019 Transaction Confirmations.

15. First, both the December 2018 Transaction Confirmation and the October 2019 Transaction Confirmation include the following special condition:

> Notwithstanding anything to the contrary in the Base Contract or elsewhere, and for avoidance of doubt, Seller's delivery obligations under this Transaction Confirmation shall not be excused by a loss of, or fluctuations in, production from any particular Seller's gas producing region or wellhead.

Loss of production or supply is thus not a valid basis to claim force majeure.

16. Second, both the December 2018 Transaction Confirmation and the October 2019 Transaction Confirmation include the following special condition:

> Section 11.2 of the Base Contract is hereby amended for purposes of this Transaction Confirmation only by inserting the following language immediately following the phrase "having jurisdiction": "; provided however, that any of the previously described events or circumstances shall only constitute Force Majeure if and to the extent that such event or circumstance directly prevents or restricts delivery by Seller or receipt by Buyer of Gas at the applicable Delivery Point."

This language limits the Force Majeure provision to apply only if the alleged Force Majeure event "*directly* prevents or restricts" deliveries at the Katy Oasis point. Thus, as long as gas is flowing at the Katy Oasis delivery point, the Force Majeure provision does not apply.

17. At no point did CAILIP receive notice from the pipeline that no gas could be received or delivered at the Katy Oasis delivery point. Instead, the Katy Oasis delivery point was operational during the relevant time period without interruption. Multiple deals were executed and multiple gas deliveries were made at the Katy Oasis delivery point from February

14 forward.  Indeed, Chevron actually delivered some gas to CAILIP during that time—it simply failed to deliver all the agreed volumes.  The Force Majeure provision is inapplicable under these circumstances.

## V.     CAUSE OF ACTION

A.     <u>Breach of Contract</u>

18.     CAILIP incorporates all preceding paragraphs.

19.     The Base Contract and the December 2018 and October 2019 Transaction Confirmations together constitute a valid, binding agreement between CAILIP and Chevron. CAILIP has performed its contractual obligations under the parties' agreement, and all conditions precedent to CAILIP's claim for relief have been performed, have occurred, or are excused.

20.     Under the parties' agreement, Chevron agreed to deliver daily quantities of gas to CAILIP.  Chevron breached the parties' agreement by failing to deliver all the agreed volumes. This breach harmed CAILIP.  As a consequence of its missed deliveries, Chevron is required to pay CAILIP damages under the Spot Price Standard.  Using this agreed standard, Chevron owes CAILIP $84,530,800.02.  Chevron has not paid any of this amount to date.

21.     CAILIP now demands recovery of the $84,530,800.02 owed, plus interest.

B.     <u>Attorney's Fees and Costs</u>

22.     CAILIP incorporates all preceding paragraphs.

23.     CAILIP additionally seeks recovery of its reasonable attorney's fees, costs, and expenses incurred in pursuing this claim as permitted by section 38.001(8) of the Texas Civil Practice and Remedies Code.

## VI. RELIEF REQUESTED

ACCORDINGLY, Plaintiff CAILIP Gas Marketing, L.L.C. asks that it be awarded a judgment against Defendant Chevron Natural Gas, a division of Chevron U.S.A., Inc. in an amount of $84,530,800.02; pre- and post-judgment interest as allowed by applicable law; reasonable attorney's fees, costs, and expenses under section 38.001(8) of the Texas Civil Practice and Remedies Code, and such other and further relief at law or in equity to which it is justly entitled.

Respectfully submitted,

SCOTT DOUGLASS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
512.495.6300 Telephone
512.495.6399 Fax

By   */s/ Anthony Arguijo*
Anthony Arguijo
State Bar No. 24079781
Southern District No. 2147699
aarguijo@scottdoug.com
Stephen L. Burbank
State Bar No. 24109672
sburbank@scottdoug.com

ATTORNEYS FOR CAILIP GAS MARKETING, LLC